**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4299

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMIE CLEMONS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:19-cr-00438-RDB-1)

Submitted:  March 11, 2025                      Decided:  March 13, 2025

Before NIEMEYER, RICHARDSON, and BENJAMIN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:**  Gregory Dolin, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant.  David Christian Bornstein, Assistant United States Attorney, Ariel David Evans, Assistant United States Attorney, Jefferson McClure Gray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamie Clemons pled guilty to malicious destruction of real property by fire and was sentenced to 108 months' imprisonment. He seeks to appeal his conviction and sentence. Clemons' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal. Clemons has not filed a supplemental pro se brief despite receiving notice of his right to do so.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Because the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), we generally decline to dismiss an untimely criminal appeal absent a timely motion[*] from the Government, *Oliver*, 878 F.3d at 129. However, when adjudicating an untimely criminal appeal "would significantly implicate the efficiency and integrity of the judicial process," *id.* at 127, we may exercise our inherent authority to dismiss the appeal sua sponte, *id.* at 128-29.

The district court entered judgment on October 29, 2021, and the appeal period expired on November 12, 2021. Clemons filed the notice of appeal on May 28, 2024.

---

[*] Although the Government moved to dismiss the appeal as untimely, the motion was not timely filed. *See* 4th Cir. R. 27(f)(2) (requiring motions to dismiss based on procedural grounds to be filed within time allowed for filing of response brief); *see Oliver*, 878 F.3d 120, 123 (4th Cir. 2017) (explaining that Government's "fail[ure] to object promptly to an appeal's untimeliness" generally constitutes forfeiture). We therefore deny the Government's motion to dismiss the appeal.

Because Clemons failed to file a timely notice of appeal or to obtain an extension of the appeal period, the appeal is untimely. Although the Government has forfeited its right to seek dismissal of the appeal as untimely, because Clemons has already pursued collateral relief from the criminal judgment he seeks to appeal, we conclude that this appeal presents one of the circumstances that warrants sua sponte dismissal. *See id.* at 129 (allowing sua sponte dismissal of untimely appeal where defendant previously sought collateral relief from judgment on appeal). We therefore dismiss the appeal as untimely.

This court requires that counsel inform Clemons, in writing, of the right to petition the Supreme Court of the United States for further review. If Clemons requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Clemons.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3